**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **QUANTREVIOUS RAHEEM RAY,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | **NO. 1:26-cv-00124-LAG-CHW** |
| **DISTRICT ATTORNEY LYNDSEY WALTERS, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Quantrevious Raheem Ray, who is currently in the Crisp County Detention Center in Cordele, Georgia, has filed a handwritten document, which has been docketed as a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. He has also filed a handwritten motion to proceed *in forma pauperis*. ECF No. 2. Neither of these filings is on the Court's standard form. Therefore, he must refile his pleading and motion if he wants to proceed with this action.

In his pleading, Plaintiff asserts that his claim falls under § 1983, but the allegations in the pleading largely relate to criminal charges that have been filed against Plaintiff. *See generally* ECF No. 1. As relief, Plaintiff seeks a declaratory judgment finding that his rights have been violated and injunctive relief requiring the "defendants to take any actions necessary to try and begin to remedy" the violations. *Id.* at 5. If Plaintiff is challenging his incarceration and seeking release from custody, he must do so through a habeas corpus petition, rather than a § 1983 civil rights action.

A writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is not clear from Plaintiff's complaint what stage the criminal proceedings have reached. If he is in custody pursuant to a state court conviction, any habeas petition would fall under 28 U.S.C. § 2254. If Plaintiff is a pretrial detainee or otherwise in custody pursuant to something other than a state court conviction, a habeas petition would fall under 28 U.S.C. § 2241.

Only if Plaintiff is claiming violations of his civil rights that do not challenge the validity of his conviction would his complaint be properly considered as civil rights complaint under 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"). Habeas corpus petitions and § 1983 civil rights actions are mutually exclusive, meaning that they cannot be brought together in the same case. Thus, it is necessary for Plaintiff to clarify in this case whether he intended to file a § 1983 civil rights action or a habeas corpus petition before this case may proceed.

Therefore, Plaintiff is now **ORDERED** to recast his claims as either a habeas corpus petition or a new civil rights complaint. If Plaintiff wishes to challenge his continued incarceration, he must complete and return the appropriate habeas corpus petition

depending on the basis for his custody.[1] Alternatively, if Plaintiff seeks to assert civil rights claims for damages, he should submit a new 42 U.S.C. § 1983 complaint clearly and concisely explaining how he believes his civil rights have been violated.[2] *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

In filing his recast pleading, Plaintiff must completely fill out the appropriate form, answering all questions. Plaintiff is not to attach more than ten pages of allegations to his recast pleading. Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint or habeas petition, even if Plaintiff has previously alleged it in another filing.

Plaintiff is also **ORDERED** to submit a properly completed motion to proceed *in*

---

[1]If Plaintiff moves forward with a habeas petition, he should be aware that he must have exhausted his state court remedies before he can pursue federal relief, regardless of whether he is proceeding under § 2241 or § 2254. *See* 28 U.S.C. § 2244(b). Additionally, if he is proceeding under § 2254, any subsequent § 2254 action he files may be subject to the restrictions federal law places on "second or successive" § 2254 applications. *See* 28 U.S.C. § 2255(h).

[2]As noted above, habeas corpus is the only federal avenue for challenging the fact or duration of a state prisoner's confinement. Therefore, such a prisoner cannot bring a § 1983 action for damages if success in that action would invalidate his sentence or conviction unless the sentence or conviction in question has previously been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Moreover, Plaintiff should be aware that, if the state court proceedings are ongoing, this Court may be precluded from intervening in those proceedings under *Younger v. Harris*, 401 U.S. 37, 53 (1971).

*forma pauperis*. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) file his recast complaint or habeas corpus petition on the Court's standard form and (2) submit a properly completed motion to proceed *in forma pauperis*. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 prisoner complaint form, a 28 U.S.C. § 2254 form, a 28 U.S.C. § 2241 form, and a copy of the Court's standard *in forma pauperis* application and associated documents with this order (with the civil action number showing on all).

Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 13th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge